| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY<br>**Caption in Compliance with D.N.J. LBR 9004-1**<br><br>**LOWENSTEIN SANDLER LLP**<br>Kenneth A. Rosen, Esq.<br>Gerald C. Bender, Esq.<br>Michael Savetsky, Esq.<br>Anthony De Leo, Esq.<br>65 Livingston Avenue<br>Roseland, New Jersey 07068<br>(973) 597-2500 (Telephone)<br>(973) 597-2400 (Facsimile)<br><br>*Proposed Counsel to the Debtors and*<br>*Debtors-in-Possession* | <br><br>**Order Filed on November 13, 2015**<br>**by Clerk**<br>**U.S. Bankruptcy Court**<br>**District of New Jersey** |
| In re:<br><br>East Orange General Hospital, Inc., *et al.*,[1]<br><br>                        Debtors. | Chapter 11<br><br>Case No. 15-31232 (VFP)<br><br>(Jointly Administered) |

**ORDER (I) AUTHORIZING THE DEBTORS TO PAY PREPETITION WAGES, SALARIES AND RELATED OBLIGATIONS AND TAXES, (II) AUTHORIZING AND DIRECTING ALL BANKS TO HONOR CHECKS AND TRANSFERS FOR PAYMENT OF PREPETITION EMPLOYEE OBLIGATIONS, (III) AUTHORIZING THE DEBTORS TO HONOR WORKERS' COMPENSATION AND EMPLOYEE BENEFIT OBLIGATIONS, (IV) AUTHORIZING THE DEBTORS TO PAY PREPETITION DEBTS TO PHYSICIAN CONTRACTORS, NURSING AND SECURITY PERSONNEL AGENCIES AND CODING SERVICE PROVIDERS, <u>AND (V) GRANTING RELATED RELIEF</u>**

The relief set forth on the following pages, numbered two (2) through and including six (6), is hereby **ORDERED**.

**DATED: November 13, 2015**

                                                                       **Honorable Vincent F. Papalia**
                                                                       **United States Bankruptcy Judge**

---

[1] The Debtors and the last four digits of their Employer Identification Numbers are East Orange General Hospital, Inc. (7166) and Essex Valley Healthcare, Inc. (7667). The Debtors' principal place of business is located at 300 Central Avenue, East Orange, NJ 07018.

30826/3
11/13/2015 40791419.1

Page: 2
Debtors: East Orange General Hospital, Inc., *et al.*
Case No: 15-31232 (VFP)
Caption: Order (i) Authorizing the Debtors to Pay Prepetition Wages, Salaries and Related Obligations and Taxes, (ii) Authorizing and Directing all Banks to Honor Checks and Transfers for Payment of Prepetition Employee Obligations, (iii) Authorizing the Debtors to Honor Workers' Compensation and Employee Benefit Obligations, (iv) Authorizing the Debtors to Pay Prepetition Debts to Physician Contractors, Nursing and Security Personnel Agencies and Coding Service Providers, and (v) Granting Related Relief

---

Upon consideration of the motion (the "Motion")[2] of the above-captioned debtors and debtors-in-possession (collectively, the "Debtors") for entry of an order (i) authorizing the Debtors to pay prepetition wages, salaries and related obligations and taxes, (ii) authorizing and directing all banks and financial institutions to receive, process, honor and pay all checks and transfers drawn on the Debtors' bank accounts for payment of prepetition employee obligations, (iii) authorizing the Debtors to honor and continue their workers' compensation and employee benefit obligations, (iv) authorizing the Debtors to pay prepetition debts to physician contractors, nursing and security personnel agencies, and coding service providers that provide services that are critical to the operations of the hospital and the care and safety of the Debtors' patients, and (v) granting related relief; and the Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing Order of Reference to the Bankruptcy Court Under Title 11* of the United States District Court for the District of New Jersey, dated September 18, 2012 (Simandle, C.J.); and venue being proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and this matter being a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and notice of the Motion being sufficient under the circumstances; and it appearing that no other or further notice need be provided; and the Court having determined that the relief sought in the Motion is in the best interests of the Debtors, their estates and creditors; and after due deliberation and sufficient cause appearing therefor;

**IT IS HEREBY ORDERED THAT:**

1. The Motion is **GRANTED** as set forth herein.

---

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

Page:     3
Debtors:  East Orange General Hospital, Inc., *et al.*
Case No:  15-31232 (VFP)
Caption:  Order (i) Authorizing the Debtors to Pay Prepetition Wages, Salaries and Related Obligations and Taxes, (ii) Authorizing and Directing all Banks to Honor Checks and Transfers for Payment of Prepetition Employee Obligations, (iii) Authorizing the Debtors to Honor Workers' Compensation and Employee Benefit Obligations, (iv) Authorizing the Debtors to Pay Prepetition Debts to Physician Contractors, Nursing and Security Personnel Agencies and Coding Service Providers, and (v) Granting Related Relief

_____

2. The Debtors are hereby authorized, but not directed, to pay all prepetition Employee claims for wages, salaries, contractual compensation and other accrued compensation, subject to the statutory cap of $12,475 per Employee under sections 507(a)(4) and 507(a)(5) of the Bankruptcy Code.

3. The Debtors are hereby authorized, but not directed, to continue their prepetition policies with respect to PTO in the ordinary course of business post-petition.

4. The Debtors are hereby authorized, but not directed, to pay all amounts owing to the Physician Contractors for services rendered prepetition.

5. The Debtors are hereby authorized, but not directed, to pay all amounts owing to the Nursing Agencies and Security Resources for services rendered prepetition.

6. The Debtors are hereby authorized, but not directed, to pay all amounts owing to the Coding Service Providers for services rendered prepetition

7. The Debtors are hereby authorized, but not directed, to pay and remit to the appropriate parties all Deductions and Payroll Taxes associated with all Employee Obligations and to continue to pay and honor such obligations as required in the ordinary course of business post-petition.

8. The Debtors are hereby authorized, but not directed, to pay all amounts due and owing as of the Petition Date with respect to the Health and Welfare Benefits and to continue such benefits in the ordinary course of business post-petition.

9. The Debtors are hereby authorized, but not directed, to continue the Workers' Compensation Insurance and to pay all prepetition obligations in connection therewith in the ordinary course of business post-petition.

Page:        4
Debtors:     East Orange General Hospital, Inc., *et al.*
Case No:     15-31232 (VFP)
Caption:     Order (i) Authorizing the Debtors to Pay Prepetition Wages, Salaries and Related Obligations and Taxes, (ii) Authorizing and Directing all Banks to Honor Checks and Transfers for Payment of Prepetition Employee Obligations, (iii) Authorizing the Debtors to Honor Workers' Compensation and Employee Benefit Obligations, (iv) Authorizing the Debtors to Pay Prepetition Debts to Physician Contractors, Nursing and Security Personnel Agencies and Coding Service Providers, and (v) Granting Related Relief

_____

10. The Debtors are hereby authorized, but not directed, to pay and remit to the appropriate parties all amounts owing as of the Petition Date with respect to the 401(k) Plan and to continue performing under the 401(k) Plan in the ordinary course of business post-petition.

11. The Debtors are hereby authorized, but not directed, to pay all prepetition amounts that may be owed with respect to Union Contributions and to continue to honor their obligations with respect thereto post-petition in the ordinary course of business.

12. The Debtors are hereby authorized, but not directed, to pay all prepetition costs and expenses incidental to payment of prepetition obligations authorized pursuant to this Order including, but not limited to, all administrative and processing costs related thereto.

13. Each of the banks or financial institutions at which the Debtors maintain their accounts relating to payment of payroll and other Employee Obligations approved herein is authorized and directed to receive, process, honor, and pay checks presented for payment and all fund transfer requests made by the Debtors related thereto to the extent that sufficient funds are on deposit in such accounts. Such banks and financial institutions are authorized to rely on the representations of the Debtors as to which checks or transfers are issued or authorized to be paid pursuant to this Order without any further inquiry and without liability for following the Debtors' instructions, and are prohibited from placing holds on, or attempting to reverse, any payments or fund transfers authorized by this Order.

14. The Debtors are authorized to issue post-petition checks and to effect post-petition fund transfer requests to replace any checks or transfers in respect of Employee Obligations that are dishonored or rejected post-petition.

| | |
|---|---|
| Page: | 5 |
| Debtors: | East Orange General Hospital, Inc., *et al.* |
| Case No: | 15-31232 (VFP) |
| Caption: | Order (i) Authorizing the Debtors to Pay Prepetition Wages, Salaries and Related Obligations and Taxes, (ii) Authorizing and Directing all Banks to Honor Checks and Transfers for Payment of Prepetition Employee Obligations, (iii) Authorizing the Debtors to Honor Workers' Compensation and Employee Benefit Obligations, (iv) Authorizing the Debtors to Pay Prepetition Debts to Physician Contractors, Nursing and Security Personnel Agencies and Coding Service Providers, and (v) Granting Related Relief |

_____

15.     Notwithstanding anything to the contrary contained herein, the relief herein is granted solely to the extent it is consistent with the *Interim Order (a) Authorizing Postpetition Use of Cash Collateral, (b) Granting Adequate Protection to the Bank, (c) Modifying the Automatic Stay, (d) Scheduling a Final Hearing, and (E) Granting Related Relief*, and to the extent payments authorized by this Order are consistent with the approved Budget (as defined therein).

16.     Nothing in the Motion or this Order, or any actions taken pursuant to this Order, shall be deemed (i) to alter the validity or priority of any claim against the Debtors, (ii) to create an administrative priority claim on account of the Employee Obligations, (iii) an assumption or rejection of any agreement, contract or lease, pursuant to section 365 of the Bankruptcy Code; (iv) an assumption or adoption by the Debtors of any agreements or policies providing for prepetition compensation or benefits to the Debtors' Employees; (v) to impair the Debtors' rights to contest the amount or validity of any Employee Obligations on any grounds; (vi) a promise or requirement to pay any claim; or (vii) a waiver of the Debtors' rights under the Bankruptcy Code or any other applicable law.

17.     The requirements set forth in Bankruptcy Rule 6003(b) are satisfied by the contents of the Motion or are otherwise deemed waived.

18.     The requirement set forth in Local Rule 9013-1(a)(3) that any motion be accompanied by a memorandum of law is hereby deemed satisfied by the contents of the Motion or otherwise waived.

19.     To the extent applicable, the requirements of Bankruptcy Rule 6004(a) are hereby waived.

Page: 6
Debtors: East Orange General Hospital, Inc., *et al.*
Case No: 15-31232 (VFP)
Caption: Order (i) Authorizing the Debtors to Pay Prepetition Wages, Salaries and Related Obligations and Taxes, (ii) Authorizing and Directing all Banks to Honor Checks and Transfers for Payment of Prepetition Employee Obligations, (iii) Authorizing the Debtors to Honor Workers' Compensation and Employee Benefit Obligations, (iv) Authorizing the Debtors to Pay Prepetition Debts to Physician Contractors, Nursing and Security Personnel Agencies and Coding Service Providers, and (v) Granting Related Relief

---

20. Notwithstanding the possible applicability of Bankruptcy Rule 6004(h), this Order shall be immediately effective and enforceable upon its entry.

21. The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order.

22. Any party may move for modification of this Order in accordance with Local Rule 9013-5(e).

23. This Court shall retain exclusive jurisdiction to hear and decide any and all disputes related to or arising from the implementation, interpretation or enforcement of this Order.