**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

**Caption in Compliance with D.N.J. LBR 9004-2(c)**

Regina Stango Kelbon
Leon R. Barson
Josef W. Mintz
BLANK ROME LLP
One Logan Square
Philadelphia, Pennsylvania 19103
Telephone:  (215) 569-5500
Facsimile:  (215) 569-5555
Kelbon@BlankRome.com
Barson@BlankRome.com
Mintz@BlankRome.com

*Counsel to PNC Bank, National Association*

---

In re:

East Orange General Hospital, Inc., *et al.*[1]

              Debtors.

Chapter 11

Case No. 15-31232 (VFP)

(Jointly Administered)

---

**OBJECTION OF PNC BANK, NATIONAL ASSOCIATION TO**
**DEBTORS' MOTION FOR ORDER SHORTENING TIME FOR**
**NOTICE OF HEARING TO CONSIDER ENTRY OF INTERIM DIP ORDER**

        PNC Bank, National Association ("PNC") interposes the instant objection to the *Debtor's*

*Motion for Order Shortening Time for Notice of Hearing to Consider Entry of Interim DIP*

*Order* filed on November 20, 2015 [Dkt. No. 56] (the "Motion to Shorten").[2]

---

[1]  The Debtors and the last four digits of their Employer Identification Numbers are East Orange General Hospital, Inc. (7166) and Essex Valley Healthcare, Inc. (7667). The Debtors' principal place of business is located at 300 Central Avenue, East Orange, NJ 07018.

[2]  Capitalized terms not otherwise defined herein shall have the meanings ascribed thereto in the Motion to Shorten.

## **OBJECTION**

1.      PNC respectfully avers that the Motion to Shorten should be denied because it fails to establish the requisite cause to reduce or otherwise shorten the 21 day notice period required for judicial consideration of the DIP Motion.   Indeed, the Debtors themselves acknowledge in the DIP Motion that they have sufficient funding to sustain their business operations into the New Year, obviating the need for (extremely) expedited consideration of the DIP Motion in the first instance.   See DIP Motion at ¶ 25 ("Absent continued use of cash collateral and the additional funds provide *[sic]* by the DIP Financing, the Debtors project that they will run of cash to operate during mid-January 2016.")

2.      It bears pausing a moment to emphasize this point.   These Debtors do <u>not</u> need access to additional capital before mid-January at the earliest, according to the admissions of their own professional advisors that were made to PNC and its counsel immediately before the chapter 11 bankruptcy filings.[3]

3.      Moreover, PNC, a secured creditor of Debtor East Orange General Hospital, has not and will not consent to the terms of the proposed DIP Financing.   Importantly, PNC anticipates conducting discovery as to the substantive request made by the Debtors, and the Debtors' proposed expedited notice period severely limits PNC's time to adequately prepare its defense in connection therewith.   More specifically, the Motion to Shorten seeks an interim hearing on the proposed DIP Financing on December 1, 2015, a mere 11 days after the DIP

---

[3] It is disingenuous for the Debtors to allege, as they do in their letter dated as of today to the Court, that PNC has been aware of the fact that the Debtors intended to seek Court approval of their purported need for DIP financing. To be clear, the Debtors' professionals did so advise PNC less than 2 days before the bankruptcy filing, but PNC was never supplied with any proposed DIP financing term sheets or draft pleadings prior to their filing with the Court.  Nor did the Debtors see fit to engage in discussions with PNC as to its potential appetite to serve as a DIP lender before the cases were filed.  To be sure, this may be the Debtors' prerogative, but to suggest that PNC has been a fully informed secured creditor as to the terms of the DIP financing misses the mark by a wide margin. Adding insult to injury, the Debtors have also failed to include with the DIP Motion a copy of any proposed credit agreement, in contravention of Fed. R. Bankr. P. 4001(c)(1)(A).

131832.01446/101743627v.1

Motion was filed.  There are only six (6) business days potentially available to pursue discovery in this contested matter, which is highly impractical given the intervening Thanksgiving holiday.

4.        If the Motion to Shorten were to be denied (as it should be), and the DIP Motion is made returnable on regular notice for the already scheduled December 15th omnibus hearing date in these cases, the Debtors will have more than sufficient time to attempt to make their business case for post-petition financing.

5.        Setting aside that these Debtors have adequate funding well beyond the time during which the DIP Motion would otherwise be returnable, PNC does not consent to the relief sought in the DIP Motion.  The DIP Motion seeks to encumber those assets in and against which PNC holds valid, perfected, first-priority liens and security interests with junior liens in favor of the proposed DIP Lender, in addition to granting the proposed DIP lender first priority liens on assets of the estates that may not otherwise be encumbered by PNC's liens and security interests. PNC requires no less than the normal amount of notice provided under applicable rules to complete its review of the DIP Motion, take discovery and prepare its defense in this contested matter.  To schedule an extremely expedited hearing on less than 6 business days' notice with a holiday intervening does not afford PNC (or any other party in interest) with the requisite due process.

6.        Importantly, when counsel to PNC was made verbally aware that the Debtors intended to file their DIP Motion and the Motion to Shorten later that evening (which turned out to be the following day), the undersigned counsel advised Debtors' counsel both telephonically and by electronic mail that PNC did not want the hearing to be held on extremely short so as to allow sufficient time for discovery.  Counsel to PNC suggested in a phone call with opposing counsel that the December 15th hearing date seemed appropriate for consideration of the matter.

-3-

A copy of the relevant email exchange is attached as **Exhibit A**.  Regrettably, the Debtors did not see fit to accommodate PNC's reasonable request in this matter.

7.      In view of the foregoing, PNC respectfully alleges that there is no cause to schedule an interim hearing on the DIP Motion prior to December 15th.  The Debtors' request on extremely short notice will most assuredly prejudice PNC's defense of this matter.

WHEREFORE, PNC respectfully requests that the Court (i) deny the Motion to Shorten; (ii) schedule the Interim Hearing for no earlier than December 15, 2015 at 11:00 a.m.; and (iii) grant such other and further relief as the Court may deem just and proper.


Dated: November 23, 2015
         Philadelphia, Pennsylvania

**BLANK ROME LLP**

By:  */s/ Josef W. Mintz*
Regina Stango Kelbon
Leon R. Barson
Josef W. Mintz
One Logan Square
130 N. 18th Street
Philadelphia, Pennsylvania 19103
Telephone:      (215) 569-5500
Facsimile:      (215) 569-5555
E-mail:        kelbon@blankrome.com
               barson@blankrome.com
               mintz@blankrome.com

*Counsel to PNC Bank, National Association*