JONATHAN S. BODNER, ESQ.
RUSKIN MOSCOU FALTISCHEK, P.C.
East Tower, 15th Floor
1425 RXR Plaza
Uniondale, New York 11556-1425
(516) 663-6600

-AND-

DAVID H. LEIGH, ESQ.
RAY QUINNEY & NEBEKER P.C.
36 South State Street, Suite 1400
P.O. Box 45385
Salt Lake City, Utah 84145-0385
(801) 532-1500

*Attorneys for Med One Capital Funding, LLC*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re: | Chapter 11 |
| EAST ORANGE GENERAL HOSPITAL, INC., *et al.*, | Case No. 15-31232 (VFP) |
| Debtors. | (Jointly Administered) |

### LIMITED OBJECTION OF MED ONE CAPITAL FUNDING, LLC RELATING TO DEBTORS' NOTICE OF POSSIBLE ASSUMPTION AND ASSIGNMENT OF EXECUTORY CONTRACT OR UNEXPIRED LEASE

Med One Capital Funding, LLC ("**Med One**"), a creditor of East Orange General Hospital, Inc. (the "**Debtor**"), one of the named debtors (collectively, with the Debtor, the "**Debtors**") in the above-captioned jointly administered chapter 11 cases (the "**Bankruptcy Case**"), and counterparty to that certain agreement identified by the Debtors in the *Notice of Possible Assumption and Assignment of Executory Contract or Unexpired Lease* filed with the Court on December 29, 2015 [*Docket No. 231*] (the "**Assumption Notice**"), through counsel, hereby respectfully files this *Limited Objection* and objects to the Assumption Notice and proposed cure amount for Med One set forth on Exhibit A to the Assumption Notice.

1. The Debtors commenced the Bankruptcy Case on November 10, 2015 (the "**Petition Date**") by the filing of voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**").

2. The Debtors continue to operate their businesses as debtors-in-possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

3. On or about December 29, 2015, the Debtors filed the Assumption Notice identifying Med One as a counterparty to an executory contract or unexpired lease agreement which the Debtors may seek to assume and thereafter assign to a prospective buyer. Upon information and belief, the agreement identified by the Debtors in the Assumption Notice is that certain *Equipment Lease Agreement* dated on or about October 15, 2012 (the "**Med One Agreement**"), entered into between Med One and the Debtor.

4. The Assumption Notice requires that any counterparty to an agreement identified on Exhibit A to the Assumption Notice which disputes the amount of the proposed cure costs set forth therein, or which otherwise objects to the Assumption Notice, file an objection or response by 4:00 p.m. (Eastern Time) on January 6, 2016 (the "**Objection Deadline**"). The Debtors subsequently extended the Objection Deadline as it relates to Med One to January 13, 2016.

5. Med One hereby respectfully objects to the Assumption Notice and, more specifically, to the proposed cure amount set forth on Exhibit A to the Assumption Notice as it relates to Med One and the Med One Agreement.

6. Although the Debtor alleges in the Assumption Notice that it owed Med One $350.46 as of the date of the Assumption Notice, Med One's internal accounting records, which track the Debtor's obligations under the Equipment Lease Agreement, including the Invoice Outstanding Report attached hereto as **Exhibit "A"** and incorporated herein by reference, indicates that the Debtor currently owes Med One **$4,619.70.**

7. Accordingly, Med One objects to the Assumption Notice and the proposed cure amount identified for the Med One Agreement on Exhibit A to the Assumption Notice.

8. In addition, Med One hereby requests that any Order entered by the Court authorizing the Debtors to assume and/or assign the Med One Agreement expressly require the Debtors to pay Med One all amounts due thereunder at the time of such assumption as required by section 365 of the Bankruptcy Code. As set forth above and as evidenced by the attached supporting documentation, there was, at a minimum, and as of the date of this Limited Objection, a past due and owing balance in the amount of $4,619.70, which amount, plus any and all additional amounts to become due and owing after the date of this Limited Objection, must be paid to Med One as a condition precedent to the Debtors' assumption of the Med One Agreement pursuant to section 365(b)(1)(A) of the Bankruptcy Code.

9. Finally, Med One hereby respectfully reserves any and all right to modify or supplement this Limited Objection and/or file or otherwise offer any additional evidence as appropriate in connection with any hearing relating to the Assumption Notice and/or this Limited Objection.

Dated: January 13, 2016
Uniondale, New York

Respectfully Submitted,

RUSKIN MOSCOU FALTISCHEK, P.C.

By: /s/ Jonathan S. Bodner
Jonathan S. Bodner, Esq.
1425 RXR Plaza
East Tower, 15th Floor
Uniondale, NY 11556-1425
Tel: (516) 663-6686
Fax: (516) 663-6886
Email: jbodner@rmfpc.com

-and-

DAVID H. LEIGH, ESQ.
RAY QUINNEY & NEBEKER P.C.
36 South State Street, Suite 1400
P.O. Box 45385
Salt Lake City, UT 84145-0385
Tel: (801) 532-1500
Fax: (801) 532-7543
Email: dleigh@rqn.com

*Attorneys for Med One Capital Funding, LLC*

630639

# EXHIBIT A

# Invoice Outstanding Report

Jan 6, 2016, 14:23.28

**Sequence Number: 2001116-2**

| Invoice Number | Due Date | Receivable Type | Amount | Received | Balance |
|---|---|---|---:|---:|---:|
| I00090331 | 06/05/2013 | Late Fee | 53.10 | 0.00 | 53.10 |
| I00092337 | 07/05/2013 | Late Fee | 53.10 | 0.00 | 53.10 |
| I00096673 | 09/05/2013 | Late Fee | 53.10 | 0.00 | 53.10 |
| I00098516 | 10/05/2013 | Late Fee | 53.10 | 0.00 | 53.10 |
| I00103118 | 12/05/2013 | Late Fee | 53.10 | 0.00 | 53.10 |
| I00105136 | 01/05/2014 | Late Fee | 53.10 | 0.00 | 53.10 |
| I00107515 | 02/05/2014 | Late Fee | 53.10 | 0.00 | 53.10 |
| I00109593 | 03/05/2014 | Late Fee | 53.10 | 0.00 | 53.10 |
| I00114072 | 05/05/2014 | Late Fee | 53.10 | 0.00 | 53.10 |
| M00115575 | 06/05/2014 | Late Fee | 53.10 | 0.00 | 53.10 |
| M00117542 | 07/05/2014 | Late Fee | 53.10 | 0.00 | 53.10 |
| M00121767 | 09/05/2014 | Late Fee | 53.10 | 0.00 | 53.10 |
| M00125890 | 11/05/2014 | Late Fee | 53.10 | 0.00 | 53.10 |
| M00127988 | 12/05/2014 | Late Fee | 53.10 | 0.00 | 53.10 |
| M00129884 | 01/05/2015 | Late Fee | 53.10 | 0.00 | 53.10 |
| M00131849 | 02/05/2015 | Late Fee | 53.10 | 0.00 | 53.10 |
| M00133634 | 03/05/2015 | Late Fee | 53.10 | 0.00 | 53.10 |
| M00135606 | 04/05/2015 | Late Fee | 53.10 | 0.00 | 53.10 |
| M00137524 | 05/05/2015 | Late Fee | 53.10 | 0.00 | 53.10 |
| M00139600 | 06/05/2015 | Late Fee | 53.10 | 0.00 | 53.10 |
| M00141478 | 07/05/2015 | Late Fee | 53.10 | 0.00 | 53.10 |
| M00143208 | 08/05/2015 | Late Fee | 53.10 | 0.00 | 53.10 |
| M00145195 | 09/05/2015 | Late Fee | 53.10 | 0.00 | 53.10 |
| M00146952 | 10/05/2015 | Late Fee | 53.10 | 0.00 | 53.10 |
| | | Pass Through | 83.00 | 0.00 | 83.00 |
| | | Lease Rental | 979.00 | 0.00 | 979.00 |
| M00148749 | 11/05/2015 | | | | |

Sequence Number: 2001116-2

| Invoice Number | Due Date | Receivable Type | Amount | Received | Balance |
|---|---|---|---:|---:|---:|
| | | Late Fee | 53.10 | 0.00 | 53.10 |
| | | Pass Through | 83.00 | 0.00 | 83.00 |
| | | Lease Rental | 979.00 | 0.00 | 979.00 |
| M00150653 | 12/05/2015 | | | | |
| | | Late Fee | 53.10 | 0.00 | 53.10 |
| M00152249 | 01/05/2016 | | | | |
| | | Late Fee | 53.10 | 0.00 | 53.10 |
| | | Pass Through | 83.00 | 0.00 | 83.00 |
| | | Lease Rental | 979.00 | 0.00 | 979.00 |
| | | **Grand Total:** | **4,619.70** | **0.00** | **4,619.70** |