Case 15-31232-VFP    Doc 300    Filed 01/14/16    Entered 01/15/16 11:47:29    Desc Main
Document      Page 1 of 8



| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY<br>**Caption in Compliance with D.N.J. LBR 9004-2(c)** | Order Filed on January 14, 2016<br>by Clerk<br>U.S. Bankruptcy Court<br>District of New Jersey |

**TRENK, DIPASQUALE,**
**DELLA FERA & SODONO, P.C.**
347 Mount Pleasant Ave., Suite 300
West Orange, NJ 07052
(973) 243-8600
Joseph J. DiPasquale
*Proposed Co-Counsel to*
*Official Committee of Unsecured Creditors*

| | |
|---|---|
| In re:<br><br>EAST ORANGE GENERAL HOSPITAL INC., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 15-31232 (VFP)<br>(Jointly Administered) |

### ORDER (i) ESTABLISHING PROCEDURES FOR COMPLIANCE BY THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF EAST ORANGE GENERAL HOSPITAL, INC., WITH 11 U.S.C. §§ 1102(b)(3) AND 1103(c), EFFECTIVE AS OF NOVEMBER 23, 2015, AND (ii) AUTHORIZING THE RETENTION OF PRIME CLERK AS INFORMATION AGENT FOR THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS PURSUANT TO 11 U.S.C. § 327 (a), <u>EFFECTIVE AS OF NOVEMBER 23, 2015</u>

The relief set forth on the following pages, numbered two (2) through eight (8), is hereby ORDERED.

DATED: January 14, 2016

_____
**Honorable Vincent F. Papalia**
**United States Bankruptcy Judge**

---

[1] The Debtors and the last four digits of their Employer Identification Numbers are East Orange General Hospital, Inc. (7166) and Essex Valley Healthcare, Inc. (7667). The Debtors' principal place of business is located at 300 Central Avenue, East Orange, NJ 07018.

(Page 2)

Debtor:  East Orange General Hospital, Inc., *et al.*

Administratively Consolidated Case No.: 15-31232 (VFP)

Caption of Order:  Order Establishing Procedures for Compliance with 11 U.S.C. § 1102(b)(3)

---

**THIS MATTER** having been presented to the Court by the Motion (the "**Motion**") of the Official Committee of Unsecured Creditors (the "**Committee**") of East Orange General Hospital Inc., *et al.* (the "**Debtors**") for an Order Establishing Procedures for Compliance with 11 U.S.C. §§ 1102(b)(3) and 1103(c), and due and proper notice of the Motion having been given; and it appearing that no other or further notice is required; and it appearing that the Court has jurisdiction to consider the Motion in accordance with 28 U.S.C. §§157 and 1334; and it appearing that this is a core proceeding pursuant to 28 U.S.C. §157(b)(2); and it appearing that the relief requested is in the best interest of the Committee,[2] the Debtors, their estates and creditors, after due deliberation and sufficient cause appearing therefor, it is hereby

**ORDERED**, that the Motion is granted in its entirety; and it is further

**ORDERED**, that the relief granted herein shall be effective as of November 23, 2015; and it is further

**ORDERED**, that the Committee, its professionals, and its individual members (and their respective advisors and representatives), shall be deemed to be in compliance with Bankruptcy Code §§1102(b)(3) and 1103(c) by performing and/or adhering to the following procedures:

---

[2] To the extent not otherwise defined herein, capitalized terms shall have the meanings ascribed to them in the application in support of the Motion.

(Page 3)

Debtor: East Orange General Hospital, Inc., *et al.*

Administratively Consolidated Case No.: 15-31232 (VFP)

Caption of Order: Order Establishing Procedures for Compliance with 11 U.S.C. § 1102(b)(3)

---

(a)  The Committee shall maintain a website (the "**Website**"), independently or in cooperation with the Debtors, to make non-Confidential Information available to all general unsecured creditors;

(b)  The Committee's counsel shall make certain non-Confidential Information available to creditors by providing a username and password to such creditors for access to the Website;

(c)  The information available on the Website includes the following: (i) the Petition Date, the case number, and a general overview of the Debtors' bankruptcy case; (ii) the contact information for the Debtors, the Debtors' counsel, the Committee Chairperson, and the Committee's Counsel; (iii) information regarding significant events in the case and relevant deadlines, including claims bar date and plan voting and objection deadlines and any pleadings that are relevant thereto; (iv) any press releases issued by the Committee or by the Debtors; (v) general case information updated periodically, (vi) instructions to creditors for providing comments to the Committee and any solicitation of comments pursuant to Bankruptcy Code §1102(b)(3)(B); (vii) links to other relevant websites (e.g. the Debtors' corporate website, the Bankruptcy Court website, the United States Trustee's website), (viii) the means by which creditors can petition the Court for access to additional information pursuant to Bankruptcy Code § 1102(b)(3)(C) and; (ix) pleadings filed in the case; and (x) any other information that the Committee, in its sole discretion, deems appropriate, subject to the restrictions and limitations in this Order;

(c)  Creditors can also e-mail Counsel with questions and comments by accessing the Website posting a "blog" of questions and comments ("**Creditor Communications**") in connection with this case which the Committee Chairperson and/or Counsel will respond; and

(d)  The Committee Chairperson and/or Committee Counsel (and only the Committee Chairperson and/or Committee Counsel), shall and are hereby authorized, in their reasonable discretion, to review and/or respond to the Creditor Communications on behalf of the Committee;

(Page 4)

Debtor: East Orange General Hospital, Inc., *et al.*

Administratively Consolidated Case No.: 15-31232 (VFP)

Caption of Order: Order Establishing Procedures for Compliance with 11 U.S.C. § 1102(b)(3)

---

and it is further

**ORDERED**, that the Committee is authorized to retain Prime Clerk LLC ("**Prime Clerk**") as its Agent, for the purposes of maintaining the Website, in accordance with the Engagement Agreement annexed to the Application as Exhibit "A"; and it is further

**ORDERED**, that Prime Clerk's reasonable fees and expenses related to the creation and maintenance of the Website shall be payable by the Debtors and shall be treated as administrative expenses pursuant to section 503(b)(2) of the Bankruptcy Code; and it is further

**ORDERED**, that the Debtors are authorized to compensate Prime Clerk upon timely receipt of reasonably detailed invoices setting forth the nature of services provided by Prime Clerk and the reasonable rates charged for each service, and are authorized to reimburse Prime Clerk for all reasonable and necessary expenses incurred, provided appropriate documentation is presented, without the need for Prime Clerk to file fee applications or seek Court approval for reimbursement of such expenses; and it is further

**ORDERED**, that the Claims and Noticing Agent shall maintain the records of all services, indicating categories of services, dates of services, and the fees charged and expenses incurred in relation to those services, and shall serve monthly invoices on the Debtors, the Office of the United States Trustee, counsel for the Debtors, counsel for the Committee, and any party-in-interest requesting service of the invoices; and it is further

(Page 5)

Debtor: East Orange General Hospital, Inc., *et al.*

Administratively Consolidated Case No.: 15-31232 (VFP)

Caption of Order: Order Establishing Procedures for Compliance with 11 U.S.C. § 1102(b)(3)

---

**ORDERED**, that all parties will have ten (10) days from the date of receipt of a Prime Clerk invoice to raise objections to any fees or expenses requested therein, by means of a formal objection before the Court or by a writing served on Prime Clerk. Should an objection be raised, the parties must, in good faith, attempt to resolve any dispute pertaining to the periodic invoices or the terms of the Engagement Agreement with Prime Clerk; and it is further

**ORDERED**, that Prime Clerk's fees and expenses under this Order shall constitute an administrative expense of the Debtors' estates pursuant to Section 503(b)(1)(A) of the Bankruptcy Code; and it is further

**ORDERED**, that Prime Clerk shall not be entitled to reimbursement, indemnification, or contribution for services falling outside of the terms of the Engagement Agreement, unless such reimbursement, indemnification, or contribution is approved by the Court; and it is futher

**ORDERED**, that the Committee is not obligated to indemnify Prime Clerk, or provide reimbursement, for any expense that is: (i) judicially determined (determination being final) to have arisen from Prime Clerk's gross negligence, fraud, or willful misconduct; (ii) based upon a contractual dispute whereby the Debtors allege breach of Prime Clerk's contractual duties or obligations, and the Court determines that contribution, reimbursement, or indemnification is not permissible pursuant to In re United Artists Theatre Co., 315 F.3d 217 (3d Cir. 2003); or (iii) settled prior to any judicial determination, but determined by the Court, after notice and a

(Page 6)

Debtor: East Orange General Hospital, Inc., *et al.*

Administratively Consolidated Case No.: 15-31232 (VFP)

Caption of Order: Order Establishing Procedures for Compliance with 11 U.S.C. § 1102(b)(3)

---

hearing, to constitute an expense for which Prime Clerk should not receive indemnity, contribution, or reimbursement; and it is further

**ORDERED**, that if, before the earlier of (i) entry of an order confirming a Chapter 11 plan, or (ii) entry of an order closing a Chapter 11 case, Prime Clerk believes that it is entitled to payment pursuant to the Committee's contribution, indemnification, or reimbursement obligations under the terms of the Engagement Agreement, Prime Clerk must file an application therefor in this Court, and the Debtors must not pay any such amounts to Prime Clerk before the entry of an order by this Court permitting the payment. Any party in interest retains the right to object to any demand by Prime Clerk for contribution, reimbursement, or indemnification; and it is further

**ORDERED**, that notwithstanding any construction of Bankruptcy Code §1102(b)(3)(A) to the contrary, the Committee, its Counsel, Financial Advisors and its individual members and their respective representatives, advisors and counsel shall not be authorized or required, without an order of this Court or consent of the Debtors, which consent shall not be unreasonably withheld, to disseminate any Confidential Information; and it is further

**ORDERED**, that the Debtors shall assist the Committee in identifying any confidential, proprietary, or non-public information concerning the Debtors that is provided to the Committee, its agents, and professionals by the Debtors or their agents or professionals; and it is further

(Page 7)

Debtor: East Orange General Hospital, Inc., *et al.*

Administratively Consolidated Case No.: 15-31232 (VFP)

Caption of Order: Order Establishing Procedures for Compliance with 11 U.S.C. § 1102(b)(3)

---

**ORDERED**, that none of the Committee members or its Counsel or any of their respective agents, advisors, or counsel (the "**Committee Parties**"), shall have or incur any liability to any entity (including the Debtors) for acts taken or omitted to be taken in compliance with the Procedures, any Confidentiality Agreement or any other provisions of this Order, provided, however, that the foregoing shall not preclude or abridge the right of any creditor to move before the Court for an order requiring the production of other or further information, to the extent available; and it is further

**ORDERED**, that nothing in this Order requires the Committee to provide access to information or solicit comments from any entity that has not demonstrated to the satisfaction of the Committee, that it hold claims of the kind described in Bankruptcy Code §1102(b)(3); and it is further

**ORDERED**, that entry of this Order shall not preclude the Committee from seeking a further order of the Court addressing any additional relief relating to its role in this case, including its compliance with Section 1102(b)(3) of the Bankruptcy Code; and it is further

**ORDERED**, that within five (5) days of the entry of this Order, Counsel shall serve this Order on the Court's Master List as filed by the Debtors herein; it is further

**ORDERED**, that within ten (10) days of the entry of this Order, Counsel shall cause to be sent a letter to all known unsecured creditors holding claims of the kind represented by the

(Page 8)

Debtor: East Orange General Hospital, Inc., *et al.*

Administratively Consolidated Case No.: 15-31232 (VFP)

Caption of Order: Order Establishing Procedures for Compliance with 11 U.S.C. § 1102(b)(3)

---

Committee, advising those creditors of the entry of the Order Approving the Procedures and providing those creditors with information and access to the e-mail address. The correspondence shall include a copy of the Order Approving the Procedures and advise the creditors of their rights to seek a court order compelling further disclosure of information in accordance with Bankruptcy Code §1102(b)(3)(C); and it is further

**ORDERED**, that this Court shall retain jurisdiction with respect to all matters arising from or related to the implementation of this Order.

4812-5676-2155, v. 1